**Dept. of Mental Retardation**
**v.**
**Cooper**
*[Cite as 2 AOA 132]*

*Case No. 5-88-42*
*Hancock County, (3rd)*
*Decided March 28, 1990*

*Mr. Anthony J. Celebrezze, Jr., Attorney General,*
*Ms. Shirley A. Cochran, 375 S. High Street, 16th*
*Floor, Columbus, Ohio 43215-4559*
*For Appellant.*

*Messrs. Robinson, Curphey & O'Connell, Mr.*
*Timothy K. Krugh, Mr. C. Philip Baither, III,*
*Attorneys at Law, Ninth floor, Four SeaGate,*
*Toledo, Ohio 43604, For Appellee.*

*Mr. Gregory E. Meyers, Attorney at Law, Lima*
*and Western Avenue, Findlay, Ohio 45840, For*
*Appellee.*

EVANS, J.

This is an appeal from a judgment of the Court of Common Pleas of Hancock County dismissing the complaint on the grounds that the action was pre-empted by section 301 of the Federal Labor Management Relations Act of 1947 and for failure to follow the grievance procedure contained in the collective bargaining agreement.

Cooper Tire and Rubber Co. (Copper Tire) is a party to collective bargaining agreements with the United Rubber, Cork, Linoleum and Plastic Workers of America AFL-CIO-CLC which apply to the production and maintenance employees at the Findlay Plant. We note here that the provisions of the collective bargaining agreements are presented in two booklets. "Exhibit A" is a contract between the local union and the appellee and deals with wages, hours of work, a grievance procedure, holidays and vacations. "Exhibit B" is a contract between the local union and the International Union on the one part and the appellee on the other. This contract deals with pension benefits, group life insurance, hospital, surgical and medical benefits for employees and their dependents, sickness and accident insurance and a grievance procedure. Both of these agreements became effective on November 1, 1985, and both represent collective bargaining agreements between the parties.

On July 7, 1986, the minor son of a production and maintenance employee of Cooper Tire was admitted to the Tiffin Development Center, a licensed facility for the care and treatment of the mentally retarded under the jurisdiction of the Appellant.

Early in 1987 the production and maintenance employee executed an assignment of benefits payable to him under the hospitalization provisions of the collective bargaining agreement in favor of the Appellant. Appellant billed Cooper Tire for the care of the minor son of the employee for the period from July 7, 1986 through December 31, 1986. Cooper Tire paid that bill, but refused payment of subsequent bills for care.

In due course Appellant filed an action against Cooper Tire which was in the nature of an action on an account for the charges due for the care of the employee's minor son.

Cooper Tire filed a motion to dismiss because the action was pre-empted by section 301 of the Federal Labor Management Relations Act and because the grievance procedure established by the collective bargaining agreement had not been exhausted.

The trial court granted the motion to dismiss and Appellant appeals asserting one assignment or error with two branches.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN GRANTING DEFENDANT-APPELLEE'S MOTION TO DISMISS THE COMPLAINT.

*First Issue Presented for Review*

A QUESTION OF HOSPITALIZATION BENEFITS FOR AN EMPLOYEE'S DEPENDANT IS NOT THE TYPE OF DISPUTE REQUIRING PRE-EMPTION PURSUANT TO 29 U.S.C.S SECTION 185.

*Second Issue Presented for Review*

A PARTY NOT SPECIFICALLY REQUIRED TO COMPLY WITH A GRIEVANCE PROCEDURE CANNOT BE PENALIZED FOR FAILURE TO EXHAUST THAT PARTICULAR REMEDY.

First, we will consider whether the action filed by the Appellant to collect the charges for the care of the dependant child is pre-empted by the Labor Management Relations Act.

In the case of *Allis-Chalmers Corp.* v.*Lueck* (1985), 471 U.S. 202, the Supreme Court confronted the question of pre-emption under the Labor Management Relations Act, 1947, Section 301. In that case Lueck brought a state law tort action against his employer for the bad faith handling of a claim for medical benefits. Lueck was covered under a collective bargaining agreement which contained the insurance plan under which the claim was made. The Court stated its view as follows at 210-211.

"If the policies that animate § 301 are to be given their proper range, however, the pre-emptive effect of § 301 must extend beyond suits alleging contract violations. These policies require that 'the relationships created by [a collective-bargaining] agreement' be defined by application of 'an evolving federal common law grounded in national labor policy.' *Bowen* v. *United States Postal Services*, 459 U.S. 212, 224-225, 103 S.Ct. 588, 596, 74 L.Ed.2d. 402 (1983). *The interests in interpretive uniformity and predictability that require that labor-contract disputes be resolved by reference to federal law also require that the meaning given a contract phrase or term be subject to uniform federal interpretation.*

Thus, questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract. (Emphasis added).

And further at page 220:
"The right that Lueck asserts is rooted in contract, and the bad-faith claim he brings could have been pleaded as a contract claim under § 301. Unless federal law governs that claim, the meaning of the health and disability-benefit provisions of the labor agreement would be subject to varying interpretations, and the congressional goal of a unified federal body of labor-contract law would be subverted. The requirements of § 301 as understood in *Lucas Flour* cannot vary with the name appended to a particular cause of action."

The claim asserted by Appellant in this case is basically a claim for money due on an account. Thus the Appellant begins with the assumption that the medical benefits described in the collective bargaining agreement cover the treatment provided and all that remains is to force Cooper Tire to make payment. If this analysis of the case were correct federal pre-emption would not apply and Appellant could proceed to collect the account under State law. We believe, however, that this analysis is not correct.

Before Cooper Tire can be required to pay for the care in question it must be established that the medical benefits described in the collective bargaining agreement include the care provided. This will require that the contract provisions dealing with hospitalization and medical benefits be interpreted to determine the extent of the coverage afforded. This interpretation requires the application of federal law.

Section 301(a) of the Labor Management Relations Act provides as follows:

SUITS BY AND AGAINST LABOR
ORGANIZATION VENUE, AMOUNT AND
CITIZENSHIP

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

It is well settled in Ohio that "[s]tate and federal courts have concurrent jurisdiction in cases arising under section 301(a) of the Labor Management Relations Act, involving controversies arising under contracts between an employer and a labor organization representing employees in an industry affecting interstate commerce but the state courts must apply federal substantive law." 39 Ohio Jurisprudence 3d (1982) 568, Employment Relations, Section 455. In this case the Appellant did not bring an action based on a violation of the collective bargaining agreement. Instead the Appellant brought an action which was in the nature of an action on an account. This action, if allowed to proceed, would be determined under Ohio law. We, therefore, conclude that the action is pre-empted under the holding in *Allis-Chalmers Corp, supra.*

The first branch of the assignment of error is overruled.

Next Appellant contends that the grievance procedure contained in the collective bargaining agreement does not apply because the State is not a party to the agreement. A collective bargaining agreement is a valid contract between the employer and his employees acting through the agency of an organization or group. 39 Ohio Jurisprudence 3d (1982) 550, Employment Relations, Section 444. Thus the collective bargaining agreement in this case was a contract between Cooper Tire and the employee with the dependent son in need of care. It is basic contract law that a contract binds, and confer rights on, only the parties thereto and person in privity with them. Accordingly no one can sue for breach of contract unless he is a party or derives rights from an original party. 18 Ohio Jurisprudence 3d (1980) 67, Contracts, Section 173.

As we discussed above Appellant must seek payment of its charges in an action sounding in contract. If Cooper Tire has a contractual obligation to pay for the care of this minor child it necessarily arises out the provisions of the collective bargaining agreement between Cooper Tire and the union representing the production and maintenance workers. The Appellant is not a party to this agreement and cannot bring an action based on this contract unless Appellant obtains an assignment of the rights of one of the original parties. Appellant claims to have such an assignment even though the assignment document is not part of the record in this case. Nevertheless, as a general rule, the assignee stands in the shoes of his assignor with respect to the subject of the assignment, having the same rights and remedies, and being subject to the same equities and defenses that may be asserted against his assignor. See 6 Ohio Jurisprudence 3d (1978) 199, Assignments, Section 34.

If this action had been brought by the employee of Cooper Tire for failure to pay the charges in question it could not be seriously contended that the employee would not be required to comply with the grievance procedure in the contract. We see no reason to excuse the assignee of the employee for complying with the grievance procedure. The Appellee stands in the shoes of the employee not only to seek payment under the contract but also for the method by which the claim will be brought. The second branch of the assignment of error is overruled.

Having found no error prejudicial to the plaintiff-appellant herein, in any of the particulars assigned and argued the judgement of the trial court is affirmed.

*Judgment affirmed.*

SHAW, P.J., and MILLER, J., Concur.